ALICE M. BATCHELDER,
dissenting.
I respectfully dissent from the decision to remand to the district court for consideration of the statutory timeliness of Humphreys’s 28 U.S.C. § 2255 motion. Humphreys alleges that newly discovered facts relating to his state armed business robbery charges somehow undermined his guilty plea to his federal armed bank robbery charges. Because Humphreys fails to demonstrate how the newly discovered facts support his § 2255 claims, which arise from his federal convictions, these *142 facts cannot constitute grounds for resetting the statute of limitations under 28 U.S.C. § 2255(4). Moreover, Humphreys failed to present to the district court any basis for finding his petition timely under 28 U.S.C. § 2255(2). It was only in Humphreys’s request for a Certificate of Appealability that he asserted facts that could be considered relevant to § 2255(2). Because Humphreys did not present this claim to the district court as a basis for resetting the statute of limitations period, it is not properly before this Court. See Byrd v. Collins, 209 F.3d 486, 538-539 (6th Cir.2000) (“At the outset, we note that Petitioner did not raise this claim in the petition for habeas corpus, and, thus we need not consider it on appeal.”).
Accordingly, because Humphreys’s § 2255 motion provides no basis for resetting the statute of limitations period, I would affirm the district court’s order dismissing the motion on timeliness grounds.